UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2: 06-cr-0347 WBS KJN P |
| Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JORGE FIGUEROA-BANUELOS, a.k.a., JORGE BANUELOS, a.k.a., JORGE BANUELOS-FIGUEROA, | |
| Movant. | |

Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 filed May 15, 2014. (ECF No. 52.) Movant challenges his 2007 conviction for being a deported alien in the United States in violation of 8 U.S.C. § 1326. Movant argues that his trial counsel was ineffective during sentencing for failing to argue that movant's prior conviction for sexual battery in violation of California Penal Code § 243.4(a) did not categorically constitute a crime of violence under the sentencing guidelines.

On June, 19, 2014, respondent filed a motion to dismiss. (ECF No. 56.) Movant did not oppose the motion. Accordingly, on October 2, 2014, the undersigned ordered movant to show cause within twenty-one days why respondent's motion should not be granted. (ECF No. 61.) Twenty-one days passed and movant did not respond to the show cause order.

For the reasons stated herein, the undersigned recommends that respondent's motion be granted.

Background

On February 12, 2007, movant entered a plea agreement pursuant to which he plead guilty to 8 U.S.C. § 1326. (ECF No. 56-1 at 9.) In exchange, respondent agreed that movant would be sentenced under the Fast-Track Immigration Prosecution Program. (Id. at 12.) Accordingly, respondent agreed not to oppose a three-level reduction in movant's offense level for his acceptance of responsibility. (Id.) In addition, at the time of sentencing, respondent agreed that it would move for a four-level downward departure under United States Sentencing Guideline Section 5K3.1. (Id.) The parties further stipulated that movant's conviction for sexual battery was a crime of violence, resulting in a 16 level increase in offense level under the guidelines. (Id. at 12.) In the plea agreement, movant also waived his right to appeal and to bring a post-conviction attack on any aspect of his conviction or sentence, including the filing of a motion under either 28 U.S.C. § 2255 or § 2241. (Id. at 11-12.)

On February 12, 2007, movant plead guilty. (Id.) On April 23, 2007, the court sentenced movant to 42 months in prison, 3 years of supervised release and a $100 fine. (Id. at 17-22.) The court entered judgment on April 23, 2007. (ECF No. 24.) The judgment was filed in the court docket on May 1, 2007. (Id.) The docket reflects that movant did not appeal. According to respondent, movant was deported on October 26, 2009, after completing his sentence.[1]

According to respondent, after his deportation, movant illegally reentered the country and in September 2011, was arrested for second degree robbery, second degree burglary, failure to register as a sex offender and providing false identification to a peace officer.[2] As a result of this illegal reentry, movant was subsequently prosecuted for violating 8 U.S.C. § 1326 in 2:12-cr-

---

[1] The information regarding movant's deportation is contained in the presentence report filed in movant's other case, 2: 12-cr-0190 WBS (E.D. Cal.). The presentence report is not contained in the court record. However, because movant does not dispute the fact that he was deported or when his deportation occurred, the undersigned accepts respondent's representation regarding this matter.

[2] This undisputed information is also contained in the presentence report filed in 2: 12-cr-0190.

2

0190. In addition, movant's supervised release in the instant case was revoked. On November 19, 2012, the court sentenced movant in both cases at the same proceeding. (Id. at 24.) The court sentenced movant to 13 months in the instant case and to 33 months in 2:12-cr-0190, for a total of 46 months. (Id. at 39.) The court did impose any further terms of supervised release. (Id. at 40.)

Movant appealed the sentences imposed in the instant case and 2:12-cr-0190. On January 24, 2014, the Ninth Circuit Court of Appeals affirmed the sentences. (ECF No. 50.)

Discussion

In the pending motion, movant argues that his trial counsel was ineffective for failing to argue that movant's prior conviction for sexual battery in violation of California Penal Code § 243.4(a) did not categorically constitute a crime of violence under the sentencing guidelines. In support of this claim, movant cites United States v. Espinoza –Morales, 621 F.3d 1141, 1145-46 (9th Cir. 2010), where the Ninth Circuit held that sexual battery was not categorically a crime of violence for the purpose of the applicable immigration guidelines at U.S.S.G. § 2L1.2.

*Statute of Limitations*

Respondent first argues that the instant motion is barred by the statute of limitations. A one year statute of limitations applies to motions filed pursuant to 28 U.S.C. § 2255. The limitation period runs from the latest of –

> (1) the date on which the judgment of conviction became final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Respondent argues that movant's motion is time barred because he did not file it within one year of the judgment becoming final. As noted above, the court entered judgment on April

23, 2007. (ECF No. 24.) The judgment was filed in the court docket on May 1, 2007. (Id.)

Where, as here, a criminal defendant does not appeal, the conviction becomes final at the expiration of the time during which he could have appealed. United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Movant had fourteen days to file his notice of appeal after the judgment was entered on the court docket. Rule 4(b)(1); (b)(6). Thus, movant had until May 15, 2008, i.e., one year after his conviction became final, to file a timely motion pursuant to 28 U.S.C. § 2255. Respondent argues that the instant motion, filed May 15, 2014, is not timely.

The undersigned agrees with respondent that movant's motion is not timely, with the following additional comments. As noted above, movant was resentenced in this case in 2012 after he was arrested for illegal re-entry a second time and his supervised release was revoked. "Conviction" in 28 U.S.C. § 2255(f) refers to the underlying case, rather than a judgment imposed as a result of a supervised release revocation. See U.S. v. Buggalohead, 2011 WL 1539930 at *1 (D.Neb. 2011), citing 1 Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, § 5.2b (5th ed. 2001). Therefore, because movant raises a claim challenging his original sentence, May 15, 2007 was the triggering date for the statute of limitations in this case. The instant motion is untimely. Cf. U.S. v. Buffalohead, 2011 WL 1539930 at * 1.

In his motion, movant states that he did not file a timely § 2255 motion because he was unaware of Espinoza –Morales, 621 F.3d 1141, 1145-46 (9th Cir. 2010), until 2013. Respondent contends that movant's alleged ignorance of Espinoza-Morales implicates 28 U.S.C. § 2255(f)(4), which provides that the statute of limitations runs from the date on which the *facts* supporting the claim could have been discovered through the exercise of due diligence. Respondent argues that movant was aware of the *facts* supporting his claim in 2007, i.e., that his sentence was increased due to his conviction for sexual battery. The statute of limitations begins to run when the prisoner knows the important facts, not when the prisoner discovers their legal significance. U.S. v. Ndiagu, 2015 WL 452329 at * 1 (9th Cir. 2015); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n. 3 (9th Cir. 2001). That movant discovered the legal significance of the facts supporting his claim in 2013 does not entitle him to a new limitations period. See also E.J.R.E. v. U.S., 453 F.3d 1094, 1098 (9th Cir. 2006) (finding that a federal court of appeals decision did not trigger

4

any of the limitations periods enumerated under 28 U.S.C. § 2255.)

Moreover, as observed by respondent, even if movant's "discovery" of a new circuit decision could constitute a fact for purpose of § 2255(f)(4)'s delay provision, the parties discussed <u>Espinoza-Morales</u> at movant's November 19, 2012 sentencing hearing.  (<u>See</u> ECF No. 56-1 at 29.)  Therefore, at the latest, movant had one year from that date to file his § 2255 motion.  The instant motion, filed May 15, 2014, is still not timely.[3]

Accordingly, the undersigned recommends that respondent's motion to dismiss be granted on grounds that movant's motion is barred by the statute of limitations.

*Mootness*

Respondent also argues that the instant motion should be dismissed as moot.

When a sentence imposed may have collateral consequences for a defendant in any possible future sentencing, the appeal from such a sentence, even if already served, is not moot.  <u>U.S. v. Dickey</u>, 924 F.2d 836, 838 (9th Cir. 1991).  Any nonstatutory consequences of the sentence, such as its effect, apart from the conviction, on employment prospects or on the sentence imposed in a future proceeding, are insufficient to avoid mootness.  <u>Lane v. Williams</u>, 455 U.S. 624, 631–33 (1982).

In the instant case, movant completed the sentence which he now challenges.  He is no longer subject to a term of supervised release related to that sentence.  Thus, the at-issue sentence has no collateral consequences for movant in any future sentencing.  Accordingly, the undersigned recommends that respondent's motion to dismiss be granted on grounds that movant's challenge to his sentence is moot.

*Waiver*

Respondent also argues that this action should be dismissed because movant waived his right to file a motion pursuant to 28 U.S.C. § 2255.

////

---

[3] Movant makes no argument in support of equitable tolling, and the undersigned cannot find any grounds to support a claim for equitable tolling.  <u>United States v. Battles</u>, 362 F.3d 1195, 1196 (9th Cir. 2004) (in appropriate circumstances, the statute of limitations in § 2255 may be subject to equitable tolling).

The right to attack collaterally one's conviction and sentence is granted by statute. A knowing and voluntary waiver of such statutory right is enforceable. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citation omitted). Generally, when a defendant knowing and voluntarily waives his rights to a federal habeas petition it strips the district court of jurisdiction. Washington v. Lampert, 422 F.3d 864, 870 (9th Cir. 2005).

In the instant case, movant's plea agreement plainly states that he agreed not to contest his plea, conviction and sentence in any post-conviction proceeding under 28 U.S.C. § 2255:

> The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as a part of his plea, however, to freely, knowingly, and voluntarily give up the right to appeal any aspect of his conviction or sentence. The defendant also gives up any right he may have to bring a post-conviction attack on any aspect of his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking any aspect of his conviction or sentence.

(ECF No. 56-1 at 11.)

In the motion to dismiss, respondent states that the transcript from movant's April 23, 2007 sentencing has been ordered. (ECF No. 56 at 8.) Respondent requests the opportunity to supplement its argument as to waiver after the relevant transcripts become available.

While it appears that movant waived his right to file a § 2255 motion, the undersigned declines to address this issue because he has not reviewed the transcript from the hearing where movant entered the waiver.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 56) be granted.

2. The Clerk of the Court be directed to close the companion civil case No. 2: 14-cv-1196.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, movant may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 24, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ban347.256